FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 APR 12 PM 4:37
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. CR418-031 |
| | ) |
| COREY WILSON, | ) |
| | ) |
| Defendant. | ) |

# O R D E R

Before the Court is Defendant Corey Wilson's Appeal of Magistrate Judge Decision. (Doc. 32.) Defendant is appealing the Magistrate Judge's order denying Defendant's pro se Motion to Proceed In Forma Pauperis (Doc. 21), Petition Demand Adequate Assurance of Due Performance from the Assignee (Doc. 22), and Supplemental Affidavit of Facts (Doc. 23). The Magistrate Judge's denials of these motions are rulings on nondispositive matters. As a result, this Court's review of those decisions is governed by Federal Rule of Civil Procedure 72, which requires this Court to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 18 U.S.C. § 636(b)(1)(A) (authorizing magistrate judge to decide nondispositive matters, which district court may reconsider

"where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

This standard—clearly erroneous or contrary to law—is exceedingly deferential. Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (unpublished) (citing Dochniak v. Dominium Mgmt. Servs., Inc., 240 F.R.D. 451, 452 (D. Minn. 2006)). A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, "is left with a definite and firm conviction that a mistake has been made." Id. (quoting Murphy v. Gardner, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)). A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law. Id. (quoting S.E.C. v. Cobalt Multifamily Inv'rs I, Inc., 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)). Reviewing Defendant's objections and the record in this case, the Court is unable to conclude that the Magistrate Judge's order denying Defendant's motions was either clearly erroneous or contrary to law.

The Magistrate Judge previously determined the Defendant was indigent, mooting any additional request to proceed in forma pauperis. Defendant's petition cites various portions of the Uniform Commercial Code as support

2

for the idea that some victim of his crime must formally assign their claim to the Government before he can be prosecuted. Defendant attempts to notify the Court that it "has thirty (30) days to produce adequate assurance of due performance under subsection (4) UCC 2-609 or be forever barred to present evidence or contest the defendant's position under the doctrine or maxim of collateral estoppel." (Doc. 21 at 3.) Defendant should be aware that the Uniform Commercial Code is completely inapplicable to criminal proceedings. Accordingly, the Magistrate Judge's order (Doc. 25) is **AFFIRMED**. Additionally, arguments such as these highlight the serious hazards faced by Defendant should be continue to defend these charges without the assistance of counsel. In this regard, the Court strongly recommends that Defendant reconsider his decision to represent himself in this case.

SO ORDERED this 12th day of April 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA