# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CR418-031 |
| COREY WILSON | ) ) | |

## REPORT AND RECOMMENDATION

On May 22, 2018, the Court ordered a forensic psychological examination of defendant Corey Wilson, in accordance with 18 U.S.C. § 4241(a) and (b), to assess both his mental competency for trial and his criminal responsibility for the charged offense. Doc. 38. He has since had a comprehensive psychological evaluation at the Federal Correctional Institution in Butner, North Carolina. Doc. 44. His evaluators found that he is competent to stand trial and was sane at the time of the offense. *Id.* at 12, 14.

Both Government counsel and Wilson's standby counsel have stipulated to the report's findings. Doc. 45; doc. 47. But because Wilson, who is proceeding *pro se*, failed to indicate his position on the report's

findings, the Court convened a hearing to inquire into the competency issue, and it arranged to have the examining psychologist available (by video conference means) in case Wilson wished to ask him any questions about his findings or report.

Wilson, who uses the terminology and deploys arguments characteristic of the so-called "sovereign citizen" movement, refused to proceed with a competency hearing.[1]  Instead, he insisted that the Court excuse standby counsel and, once again, argued that the Court had no power or right to conduct any proceedings in his case.  (Wilson's standby counsel, understandably, is not excited by the prospect of rendering any assistance to such an obstreperous and undisciplined defendant, and he expressed his desire to withdraw from his appointment.  The Court summarily denied that request.)  The Court warned Wilson multiple times that his refusal to address the issue of competency would be construed as a waiver of any objections to the competency report's findings and his right to question the examining psychologist.  When Wilson persisted in his refusal to recognize the Court's authority and

---

[1]  The District Judge noted in his Order directing Wilson's psychological evaluation that Wilson had adopted the "sovereign citizen" tactic in this case.  Doc. 38 at 2.  The Eleventh Circuit has recognized the assertion of such arguments as "attempts to delay judicial proceedings" and noted that they "have [been] summarily rejected . . . as frivolous."  *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013).

continually interrupted nearly every sentence uttered by the undersigned, the Court had him removed from the courtroom.

At the FCI Butner medical facility, Wilson underwent a battery of psychological testing and clinical interviews by a forensic psychologist and psychology intern.  Doc. 44 at 2, 14.  In addition, during the two-week period of his evaluation, correctional staff paid attention to his behavior, including his interactions with staff and other inmates.  *Id.* at 2, 7.  Wilson cooperated with the examination process and complied with the institution's rules, demonstrating "strong and appropriate social skills."  *Id.* at 7.

Wilson, who denied any history of mental health treatment or any present mental issues or concerns, exhibited "uninterrupted attention and concentration."  *Id.*  The evaluators saw no evidence of "delusional content" to his thought process, and the staff observed no "bizarre behaviors" during the entirety of Wilson's stay at the institution.  *Id.*  Wilson scored within the average range of intellectual functioning, *id.* at 8, and while he has a history of irritability and aggressiveness and a disregard for the rights of others (meriting him a diagnosis of Antisocial Personality Disorder), *id.* at 9, he "demonstrated a solid comprehension

of the legal system." *Id.* at 10.  Specifically, Wilson revealed a correct understanding of the nature of his charges and the possible penalties, as well as an awareness of the trial process and his various plea options. *Id.* at 10-11.  Despite possessing a coherent, non-delusional understanding of his current legal situation, Wilson has elected to adopt the tactics of the "sovereign citizen movement" (although he never used that term) and disputes the Court's power and jurisdiction to subject him to a criminal trial. *Id.* at 11.

The evaluators concluded that Wilson "possesses sufficient factual and rational understanding of the proceedings against him" and deemed him competent to stand trial. *Id.* at 12.  The Court sees no basis in the record to dispute this finding.  While Wilson's persistence in denying this Court's jurisdiction to try his case and his refusal to accept counsel for his defense does not reflect either a correct understanding of the law or a sound defense strategy, defendant's thinking is not "delusional" in a psychiatric sense.  The Court agrees with the evaluators that "he is capable of working with an attorney" if he chooses to do so. *Id.* at 12. The Court has previously encouraged him to do just that, and it reiterates that advice here.  As Wilson acknowledged during his

evaluation, he faces a lengthy period of custody if convicted in this case. Again, he is encouraged to abandon a defense strategy that is doomed to fail (reserving any jurisdictional arguments for appeal) and work with counsel in preparing a proper defense.

While Wilson has a constitutional right to proceed without counsel (having made a voluntary and intelligent waiver of that cherished right), *Faretta v. California*, 422 U.S. 806 (1975), he has no right to demand that the Court excuse the standby counsel that it has selected in this case. *Id.* at 834 n. 46; *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000); *Barnes v. Secretary, Department of Corrections*, 888 F.3d 1148, 1157, 1159 (11th Cir. 2018). Nor will the Court permit standby counsel to be relieved of his duties simply because this defendant stubbornly refuses to work with him and actively seeks his withdrawal. The proper role of standby counsel who is appointed over the objection of a *pro se* defendant was explained by the Supreme Court in *McKaskle v. Wiggins*, 465 U.S. 168 (1984), and counsel should peruse that decision with great care as he readies himself for the trial of this case. He may not be called upon to play *any* role during the trial proceedings, but as *McKaskle* noted, "[a] defendant . . . who

vehemently objects at the beginning of trial to standby counsel's very presence in the courtroom, may express quite different views as the trial progresses." *Id.* at 182.  Standby counsel, therefore, should be prepared to step forward and assist *if* Wilson asks for his help.  Assuming that does not occur, counsel may take comfort in the knowledge that "They also serve who only stand and wait."  John Milton, Sonnet 19.

In summary, the Court concurs with the report's unrebutted findings and concludes that Wilson is not presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial.  It is therefore **RECOMMENDED** that defendant be found competent to stand trial pursuant to 18 U.S.C. § 4241.  This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 18th day of September, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA