

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR418-031 |
| | ) | |
| COREY WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is the Government's Motion in Limine. (Doc. 65.) In the motion, the Government seeks to preclude Defendant from improper questioning or argument concerning the government's investigation, specifically (1) that police officer misconduct or corruption occurred and comparing the work of the police to fictional works such as *Training Day* and *Street Kings*; (2) that Defendant does not know the identity of a confidential informant ("CI"); and (3) that the police officers used excessive force. Defendant has not filed a response. For the following reasons, the Government's motion is **DENIED** at this time. The Government may renew its objections at trial.

The Government seeks to preclude Defendant from arguing that police officer misconduct or corruption occurred without first making a pre-trial showing that an

alleged investigative deficiency was relevant to specific evidence. (Doc. 65 at 4-5.) Specifically, the Government seeks to preclude Defendant from arguing that the police officers are corrupt during his opening statement and from comparing the work of police to fictional works such as *Training Day* and *Street Kings*. (Id.) In support of this request, the Government argues that the suggestion of police misconduct is highly speculative, misleading, and prejudicial. At this point, absent the actual statements and the context in which they will be offered, the Court is unable to determine the admissibility of possible evidence or testimony Defendant may seek to introduce at trial. Therefore, the Government's request is denied at this time. The Government may renew its objection at trial. While the Court has denied the Government's motion at this time, Defendant should be aware that the purpose of the opening statement is to state what evidence will be presented, not an opportunity for argument. United States v. Lizon-Barias, 252 F. App'x 976, 978 (11th Cir. 2007).

The Government also seeks to preclude any argument regarding Defendant not knowing the identity of a confidential informant because the Government does not intend to call a CI to testify and an "outburst" by

Defendant in the presence of the jury regarding the CI would be highly misleading and prejudicial. (Doc. 65 at 5.) The Government's position is that (1) the issue of the identity of the CI should be addressed pre-trial, and (2) the issue of whether Defendant's Sixth Amendment right is implicated with regard to a CI is moot because the Government does not intend to call a CI to testify. (Id.)

While the Court agrees that any concerns regarding the use or reference to an anonymous tip or confidential informant would best be addressed pre-trial, the admissibility of possible evidence or testimony Defendant may seek to introduce at trial ultimately depends on whether the anonymous tip is referenced and for what purpose the statements, if any, are offered at trial. Therefore, the Government's request is denied at this time. The Government may renew its objection at trial.

Finally, the Government seeks to preclude Defendant from arguing or introducing evidence that the police officers in this case used excessive force on the basis that it is irrelevant to whether Defendant is guilty or not guilty. (Doc. 65 at 6.) At this point, absent the actual statements and the context in which they will be offered, the Court is unable to determine the admissibility of

3

possible evidence or testimony Defendant may seek to introduce at trial. Therefore, the Government's request is denied at this time. The Government may renew its objection at trial.

SO ORDERED this 19th day of December 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA