IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR418-031
)
COREY WILSON, )
)
Defendant. )
)

# ORDER

Before the Court is the Government's Motion in Limine, which seeks to prohibit Defendant from introducing at trial evidence or testimony that includes (1) reference to the Uniform Commercial Code; (2) Defendant's state trial that resulted in a mistrial; (3) the potential penalty Defendant faces if convicted; and (4) self-serving hearsay. (Doc. 27.) Specifically, the Government contends that any testimony or argument by Defendant regarding the Uniform Commercial Code, double jeopardy, Defendant's prior state trial, and the potential punishment, if convicted, should be excluded because such testimony is irrelevant under Fed. R. Evid. 401, inadmissible under Fed. R. Evid. 402, and would waste time, confuse the issues and cause undue delay. (Id. at 4.) The Government also requests that this Court "limit the defendant from presenting self-serving hearsay." (Id.) For the following

reasons, the Government's motion is **GRANTED IN PART** and **DENIED IN PART.**

First, with respect to any testimony or argument regarding the Uniform Commercial Code, the Government's request is denied. While the Court struggles to envision a scenario in which any reference or argument related to the Uniform Commercial Code would be relevant in this case, the Court, absent the actual statements and the context in which they will be offered, is unable to determine the admissibility of possible evidence or testimony Defendant may seek to introduce at trial. Should the need arise, the Government may renew its objection at trial.

While the Court has denied the Government's motion, Defendant should note that the Court has previously informed Defendant that the Uniform Commercial Code is inapplicable to criminal proceedings. (Doc. 33 at 3.) Defendant, therefore, should be aware that the Court will preclude him from introducing at trial any evidence or testimony that is irrelevant. See Fed. R. Evid. 402.

Second, the Government seeks to limit Defendant from introducing testimony or argument regarding his state court trial that resulted in a mistrial. (Doc. 27 at 4.) Absent the actual statements and the context in which they will be offered, the Court is unable at this time to determine the admissibility of possible evidence or testimony Defendant may seek to

introduce at trial. Therefore, the Court will deny the Government's motion at this time. If necessary, the Government may renew its objection at trial.

Third, the Government seeks to prohibit Defendant from introducing the potential penalty he faces if convicted. (Doc. 27 at 4.) On this request, the Court grants the Government's motion and Defendant shall be precluded from making any statements that imply the range of punishments facing Defendant. Juries are not to consider punishment in any way in determining whether the defendant is guilty or not guilty. Eleventh Circuit Pattern Jury Instructions (Criminal) B10.1 (2017); see also United States v. McDonald, 935 F.2d 1212, 1222 (11th Cir. 1991). In the event of conviction, the question of punishment is for the Court alone to decide.

Finally, the Government's seeks to limit Defendant from introducing self-serving hearsay. (Doc. 27 at 4.) Absent the actual statements and the context in which they will be offered, the Court is unable at this time to determine the admissibility of possible evidence or testimony Defendant may seek to introduce at trial. Therefore, the Court will deny the Government's motion at this time. If necessary, the Government may renew its objection at trial.

While the Court has denied the Government's motion, Defendant should be aware that the Court will preclude him from

3

introducing at trial any evidence or testimony that is prohibited as hearsay as defined in Federal Rule of Evidence 801. See Fed. R. Evid. 802 (prohibiting the introduction of hearsay). Should Defendant seek to introduce at trial any of his prior statements through a testifying witness, that prior statement must either not qualify as hearsay, see Fed. R. Evid. 801(c)-(d), or fall under an exception to the rule, see id. 803. Otherwise, the statement will be deemed inadmissible hearsay and the Court will prohibit its introduction at trial.

For the foregoing reasons, the Government's Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. Defendant shall not refer to or make any arguments regarding the punishment or penalty he faces if convicted. The Government may reassert its objections at trial as to the introduction of testimony or evidence regarding the Uniform Commercial Code, Defendant's state trial that resulted in a mistrial, and self-serving hearsay.

SO ORDERED this 19th day of December 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA