IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. 4:18-cr-00031-1
)
Corey Leonard Wilson, )
    Defendant. )
)
)

**O R D E R**

On December 13, 2019, Defendant Wilson petitioned the Court to "correct a clerical error in the presentence report under Rule 36" (Doc. 137). Specifically, Defendant asserts that his presentence report reflects a juvenile adjudication from a "non-existent juvenile record." This juvenile adjudication involves the offenses of sexual battery, simple assault and terroristic threats.

Defendant has been the subject of two presentence reports prepared in this district, one prepared in 2002 and one prepared in 2019. The juvenile adjudication in question is reflected in both presentence reports. In both reports, said juvenile adjudication was assigned no criminal history points and had no impact on sentencing guideline calculations. Defendant made no objection to the inclusion of said juvenile adjudication in either presentence report.

In his Motion, Defendant asserts that Chatham County Juvenile Court, the court in which the juvenile adjudication was sustained, has advised that "no record exists" as to this adjudication. The Probation Office has confirmed with Chatham County Juvenile Court that it destroys all documents associated with juvenile adjudications when a defendant reaches the age of

25. Wilson reached the age of 25 in August 2002. Wilson's juvenile records were obtained by the probation officer who prepared Wilson's presentence report in early 2002, but those records have since been destroyed by the Probation Office as well.

Defendant is essentially arguing that because documentary records as to his juvenile adjudication are *now* "non-existent," the mention of that adjudication should be removed from both of his prior presentence reports. The Court disagrees. The records were available and relied upon when Defendant's first presentence report was prepared. Defendant offered no objection to the inclusion of the adjudication in his first *or* second presentence report, despite ample opportunity to do so. Instead, somewhat tellingly, Defendant *now* objects, upon learning that the juvenile adjudication in question hinders his eligibility for certain programming within the Bureau of Prisons.

The juvenile adjudication in question was properly included in Defendant's presentence reports and may appropriately remain there. Defendant's Motion is **DENIED**.

SO ORDERED this 5th day of March, 2020.

_____
WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT