IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR418-031 |
| | ) | |
| COREY WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is Defendant Corey Wilson's Motion for Compassionate Release (Doc. 147), as amended (Doc. 152), which the Government opposes (Doc. 153). For the following reasons, Defendant's motion (Docs. 147, 152) is **DENIED**.

### BACKGROUND

In January 2019, a jury found Defendant guilty of possession of cocaine with intent to distribute. (Doc. 94.) The Government sought a sentencing enhancement under 21 U.S.C. § 851 based, in part, Defendant's prior federal drug conviction. (Doc. 78.) Defendant was sentenced to 70 months' imprisonment, to served consecutively to the revocation of his federal term of supervised release. (Doc. 112.) Defendant appealed his criminal sentence to the United States Court of Appeals for the Eleventh Circuit on April 15, 2019 and the appeal remains pending. (Doc. 113.) Defendant also appealed the revocation of his supervised release. (401CR236, Doc. 158.) According to the BOP website, Defendant is currently incarcerated at the Coleman Low Federal Correctional

Institution ("FCI") in Sumterville, Florida with a projected release date of October 31, 2024. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on July 31, 2020).

## ANALYSIS

Defendant seeks compassionate release due to the COVID-19 pandemic. (Doc. 147 at 1.) Defendant contends that his osteosarcoma, hypertension, and depression put him at higher risk should he contract COVID-19. (Id.) Defendant also contends that he is entitled to a sentence reduction because the statutory and guideline punishment at the time of sentencing was greater than the current punishment for the same conduct. (Id. at 2.) The Government opposes Defendant's request and argues that this Court should issue an indicative ruling under Federal Rule of Criminal Procedure 37 deny Defendant's motion. (Doc. 153 at 1.) The Court finds that Defendant's motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) should be denied.

I.  THE COURT'S JURISDICTION OVER DEFENDANT'S MOTION

As the Government identifies, Defendant has appealed his criminal sentence in this case and that appeal remains pending. (Doc. 113.) In light of the pending appeal, the Court lacks jurisdiction to decide his motion. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982) ("The filing of a notice of appeal is an event of

2

jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013). However, pursuant to Federal Rule of Criminal Procedure 37, where a timely motion is made for relief that the court lacks authority to grant because of a pending appeal, the district court may "defer considering the motion, deny the motion, or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Because the Court would deny Defendant's § 3582(c) motion if he had not filed a notice of appeal, in the interests of judicial economy, the Court reaches the merits, pursuant to Rule 37, and denies the motion.

## II.  DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE DUE TO HIS HEALTH CONDITIONS

### A. Eligibility for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's

warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination

4

with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that his underlying conditions of osteosarcoma, hypertension, and depression make him vulnerable to COVID-19. (Doc. 147 at 6.) The Government states that "[w]ith the addition of COVID-19, the government acknowledges that [Defendant's] hypertension 'might' place him at increased risk," and notes that Defendant has other conditions, including a history of osteosarcoma, that may affect the determination that Defendant's medical conditions qualify as an "extraordinary and compelling reason" for release. (Doc. 153 at 16.) Additionally, the Government appears to concede that Defendant has exhausted his administrative remedies. (Doc. 153 at 5 n.3.) The Court preliminary finds that Defendant has exhausted his administrative remedies and that his medical conditions present a compelling and extraordinary reason for release. However, for the reasons that follow, the Court finds that Defendant's motion should be denied.

B. Consideration of the Sentencing Factors

In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). The Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. Section 3553(a) provides the following factors for the Court's consideration:

    1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    2) the need for the sentence imposed—
        A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        B. to afford adequate deterrence to criminal conduct;
        C. to protect the public from further crimes of the defendant; and
        D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    3) the kinds of sentences available;
    4) the kinds of sentence and the sentencing range established . . .;
    5) any pertinent policy statement . . .;
    6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant had an extraordinary and compelling reason for compassionate release, the § 3553(a) factors

weighed against a sentence reduction); United States v. Rodd, No. 19-3498, 2020 WL 4006427, at *6 (8th Cir. July 16, 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, No. 20-2033, 2020 WL 3483740, at *2 (3d Cir. June 26, 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In this case, Defendant was found guilty by a jury of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and § 851. (Doc. 112.) During his sentencing hearing, the Court noted Defendant's prior drug conviction in 2002 (Doc. 126 at 29) and that Defendant's guidelines range was 63 to 78 months' imprisonment (Doc. 126 at 14). Defendant was sentenced to 70 months' imprisonment, to served consecutively to the revocation of his federal term of supervised release. (Doc. 112.)

While the Court is sensitive to the concerns that Defendant has for his health and safety to the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted. Considering the § 3553(a) factors, the Court is instructed to consider the need of the sentence imposed to "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from

further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). In this case, Defendant committed the instant offense while on supervised release from a prior federal drug conviction. (401CR236, Doc. 156.) In April 2002, a jury found Defendant guilty of one count of conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of crack cocaine, and to manufacture in excess of 50 grams of crack cocaine and one count of possession with intent to distribute five grams or more of crack cocaine. (401CR236, Doc. 64.) Defendant was sentenced to 360 months' imprisonment to be served. (401CR236, Doc. 83.) Defendant's sentence was subsequently reduced to 306 months' imprisonment in July 2008 (401CR236, Doc. 127) and then to 235 months' imprisonment in December 2011 (401CR236, Doc. 129). Defendant's sentence was ultimately reduced to time served in April 2015, effective November 1, 2015. (401CR236, Doc. 134.) Defendant's five-year term of supervised release began on October 30, 2015. (401CR236, Doc. 135.) Defendant was arrested in August 2016 for conduct related to the instant offense (401CR236, Doc. 179 at 7) and Defendant's term of supervised release was ultimately revoked due to his conduct in this instant case and he was sentenced to forty-six months' imprisonment as to Count 1 and

8

twenty-four months' imprisonment as to Count 2, to be served concurrently (401CR236, Doc. 156).

The Court does not find that the sentence imposed should be reduced. Reducing Defendant's sentence would not reflect the seriousness of the offense or provide just punishment. Considering the fact that Defendant has just begun serving his sentence for this offense and the fact that he committed this instant drug offense while on supervised release for a prior federal drug offense, the Court finds Defendant's offense serious and not deserving of a sentence reduction at this time. Additionally, the Court finds that reducing Defendant's term of imprisonment at this time would not adequately provide a deterrence to criminal conduct and would not promote respect for the law again because Defendant has shown a history of committing new crimes while on supervised release. Reducing Defendant's term of imprisonment to time served when he began serving his 70 months' sentence in April 2019 does not provide just punishment for the offense. The factors weigh against reducing Defendant's sentence. Accordingly, the Court finds that a reduction in Defendant's term of imprisonment is not warranted at this time.

III.  DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE DUE TO THE ALLEGED SENTENCING ERRORS

Defendant also argues that he is entitled to a sentence reduction due to the "objectively flawed sentence." (Doc. 147 at 9.) Specifically, Defendant argues that he did not receive the

benefit of the 2010 Fair Sentencing Act retroactive ~~reduction~~ in crack cocaine sentences or the Fair Step Act's retroactive good conduct time credits. (Id.) Defendant's motion on this ground is due to be denied as well. First, it appears that Defendant is challenging the sentence in 401CR236. Defendant contends that applying the changes in the Fair Sentencing Act would reduce his original sentence from 116 months to 88 months' imprisonment. (Doc. 147 at 10.) Defendant's sentence in 401CR236 was reduced in December 2011 in response to the Fair Sentencing Act of 2010 (Doc. 129) and his sentence was later reduced to time served in April 2015, before passage of the First Step Act of 2018 (Doc. 134). Moreover, the Court took Defendant's arguments concerning the First Step Act into consideration during his revocation proceeding. (Doc. 179 at 14-16.) Further, Defendant is appealing his judgment on revocation (Doc. 158) and this Court is divested of jurisdiction to consider Defendant's challenge to his sentence.

## CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion for Compassionate Release (Doc. 147), as amended (Doc. 152), is **DENIED.**

SO ORDERED this **3ᴿᴰ** day of August 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA