IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| COREY LEONARD WILSON,  )<br>  )<br>   Petitioner,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>   Respondent.  )<br>_____) | CASE NO. CV421-088<br>            CR418-031 |

**O R D E R**

Before the Court is the Magistrate Judge's June 1, 2022, Report and Recommendation. (Doc. 2.)[1] Petitioner Corey Leonard Wilson did not object to the report and recommendation. Instead, Petitioner filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 3.) After a careful review of the record,[2] the report and recommendation (Doc. 2) is **ADOPTED** as the Court's opinion in this case, and Petitioner's first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. However, for the reasons

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV421-088.
[2] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

explained below, the Clerk of Court is **DIRECTED** to open a new civil action and docket Petitioner's second motion (Doc. 3) as a new § 2255 motion.

In January 2019, Petitioner was convicted at trial of one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851. (CR418-031, Docs. 94, Attach. 1; 112.) Petitioner filed a notice of appeal on April 15, 2019 (CR418-031, Doc. 113), and while his appeal was pending, Petitioner filed his first motion to vacate his conviction pursuant to 28 U.S.C. § 2255 (Doc. 1). Since Petitioner filed his motion before the Court of Appeals affirmed his conviction and sentence on direct appeal (CR418-031, Doc. 176 at 2), the Magistrate Judge recommended that Petitioner's motion be dismissed without prejudice (Doc. 2 at 3-4). See Blair v. United States, 527 F. App'x 838, 839 (11th Cir. 2013) (per curiam) ("The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice."). Accordingly, the Magistrate Judge's report and recommendation (Doc. 2) is **ADOPTED** as the Court's opinion in this case, and Petitioner's premature § 2255 Motion (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close the case. Applying the Certificate of Appealability (COA) standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the

2

Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Despite the Clerk's characterization, Petitioner's second motion is not an "amended" motion. Rather, it is a renewed motion in response to the Magistrate Judge's recommendation. Accordingly, the Clerk of Court is **DIRECTED** to open a new civil action and docket Petitioner's second motion (Doc. 3) as a new § 2255 motion. The Clerk of Court is further **DIRECTED** to docket a copy of this Order in the new civil case. The second motion (CR418-031, Doc. 180) should remain pending in Petitioner's criminal case. Finally, the Clerk of Court is **DIRECTED** to docket any future filings related to Petitioner's renewed § 2255 motion into the newly opened civil case.

The Court has reviewed Petitioner's renewed motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for

the United States District Courts. The Court concludes that it does not plainly appear that Petitioner is not entitled to relief. Accordingly, the Court **DIRECTS** the Government to respond within **ninety (90) days** from the date of this Order.

SO ORDERED this 17th day of November 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA